UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JONATHAN C. BURAS                                                        CIVIL ACTION

VERSUS                                                                   NO. 04-3307

JO ANNE B. BARNHART, COMMISSIONER                                        SECTION "K"(1)
OF SOCIAL SECURITY ADMINISTRATION

## ORDER AND REASONS

Before the Court is Plaintiff's Objections to the Magistrate Judge's Report and Recommendations (Doc. No. 11). After reviewing the pleadings, memoranda, the record of the proceedings before the social Security Administration, the Report and Recommendation, and the applicable law, the Court finds the Plaintiff's Objections to contain legitimate assertions that are not countered by substantial evidence in the record. Accordingly, pursuant to 42 U.S.C. § 405(g), the Court **REMANDS** this matter to the Commissioner of Social Security Commissioner for further factual development.

The Procedural History is properly set forth in the Magistrate Judge's Report and Recommendation and is adopted herein. Plaintiff is a 45 year-old individual with an 8th grade education. His past work experience includes employment as a heavy equipment mechanic. He contends that he became completely disabled from work on September 19, 1994 as a result of an accident that occurred on November 19, 1993, which caused debilitating back pain. The ALJ concluded that indeed plaintiff's disorders of the back were an impairment that is severe based upon the requirement in 20 C.F.R. § 404.1521 and SSR 96-3p. However, he found that the impairment did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 finding that claimant has the residual functional capacity to perform sedentary work, with the ability to walk/stand/sit 4 hou4s in an 8-hour work day with the sit/stand option.

In reaching this conclusion, the ALJ disregarded the treating physicians Physical Capacities Evaluation form of October 4, 2002 in which he stated that:

> claimant could walk, stand or sit, 2 hours each in an 8-hour work day; lift/carry less than 10 pounds; cannot use fee[t] for repetitive movement such as foot controls; never bend, kneel, squat, crawl, climb ladders or reach above shoulder lever. Claimant was diagnosed with lumbar spondylosis and is a surgical candidate; however, claimant opted for conservative treatment only.

(Rec. 14, Rec. Exh. 4F). The vocational expert testified that there were no jobs available for a person with Buras' work and educational background if these limitations were correct. Rec. P. 169.

Instead of accepting this evaluation, without sufficient explanation[1], the ALJ relied on an unsigned and undated functional capacity assessment that found that Buras could occasionally lift 20 pounds and frequently lift 10 pounds; that he could sit and stand each for six hours in an eight hour work day; that he had unlimited ability to push and pull; that he could occasionally climb/balance/stoop/kneel/crouch/crawl (occasionally being denied as less than one-third of the time) and that he had no manipulative/visual communicative/environmental limitations. R. 72-79.

Plaintiff objects to the Magistrate Judge's Report and Recommendation based on the Administrative Law Judge's ("ALJ") failure to comply with the mandate of Social Security Ruling ("SSR") 96-2p. As noted in *Newton v. Apfel,* 209 F.3d 448 (5th Cir. 2000):

> *Factors to be Considered Before Declining to Give Treating Physicians' Opinions Controlling Weight.*--SSA Regulations provide that the SSA "will always give good

---

[1]The ALJ stated:
The undersigned is cognizant that appropriate consideration must be given relative to the opinions,, evaluations and conclusions of the state medical consultan6ts under the provisions of SSR 96-6p. Said conclusions are accorded appropriate weight. The state medical consultant and the undersigned have determined, albeit under different rationales, that claimant is not disabled. Insofar as those opinions and conclusions are consistent with the findings and conclusions rendered herein, they are accepted as valid.
Rec. 14.

> reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion" and list factors an ALJ must consider to assess the weight to be given to the opinion of a treating physician when the ALJ determines that it is not entitled to "controlling weight." *See* 20 C.F.R. § 404.1527(d)(2). Specifically, this regulation requires consideration of:
> (1) the physician's length of treatment of the claimant,
> (2) the physician's frequency of examination,
> (3) the nature and extent of the treatment relationship,
> (4) the support of the physician's opinion afforded by the medical evidence of record,
> (5) the consistency of the opinion with the record as a whole; and
> (6) the specialization of the treating physician.
>
> The regulation is construed in Social Security Ruling ("SSR") 96-2p, which states: [A] finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. *Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927.* In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted even if it does not meet the test for controlling weight.
>
> SSR 96-2p, 61 F.R. 34490, 34491 (July 2, 1996) (emphasis added). SSR 96- 5p provides, with respect to "Residual Functional Capacity Assessments and Medical Source Statements," that "Adjudicators must weigh medical source statements under the rules set out in 20 C.F.R. 404.1527 ..., providing appropriate explanations for accepting or rejecting such opinions." SSR 96-5p, 61 F.R. 34471, 34474 (July 2, 1996). Several federal courts have concluded that an ALJ is required to consider each of the § 404.1527(d) factors when the ALJ intends to reject or give little weight to a treating specialist's opinion. *See Clark v. Commissioner of Social Security,* 143 F.3d 115, 118 (2d Cir.1998); *Goatcher v. U.S. Department of Health & Human Servs.,* 52 F.3d 288, 290 (10th Cir.1995); *Dwyer v. Apfel,* 23 F. Supp.2d 223, 228 (N.D.N.Y.1998); *Amidon v. Apfel,* 3 F. Supp.2d 350, 355-56 (W.D.N.Y.1998); *McDonald v. Apfel,* No. CA 3-97-CV-2035-R, 1998 WL 159938, *8 (N.D.Tex. Mar.31, 1998). This court now similarly holds that an ALJ is required to consider each of the § 404.1527(d) factors before declining to give any weight to the opinions of the claimant's treating specialist.

*Id.* at 456-57. The ALJ did not provide this analysis with respect to his rejection of Buras' treating physician's conclusions. As such, the matter must be remanded for the ALJ to properly review the evidence and provide the detailed analysis for his conclusions as required by the law. Moreover,

3

an effort should be made to determine the approximate time and author of the functional capacity assessment relied upon by the ALJ.  This Court is interested in this temporal aspect to determine how close in time it is to Dr. Billips' assessment.

Furthermore, while the Court is aware that new evidence is not generally accepted in the review of these matters, should the ALJ find it appropriate, consideration might be given to the relevant job market that is available in this post-Katrina working environment.  Accordingly,

**IT IS ORDERED** that the decision of the Magistrate Judge is **REVERSED** insofar as this matter is **REMANDED** to the Commissioner for an analysis in line with the guidelines provided herein.

New Orleans, Louisiana, this ___30th___ day of January, 2006.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**